UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HEART EYE CENTER, INC., ET AL. | : | DOCKET NO. 2:09-cv-01885 |
| VS. | : | JUDGE MINALDI |
| FIDELITY NATIONAL PROPERTY & CASUALITY INSURANCE COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

On September 14, 2009, plaintiff Heart Eye Center & Vision Plus Optical, LLC ("Heart Eye Center") filed a complaint against defendant Fidelity National Property & Casualty Insurance Company ("Fidelity"), seeking money damages for clean-up costs, loss of business profits, repair costs, loan interest costs, construction costs, replacement of contents and equipment costs, and other costs associated with damage caused by Hurricane Ike. Doc. 1, att. 2. In its complaint, plaintiff also sought damages from and Louisiana Companies, William Pharr, and Penny Goldman ("Louisiana Companies") for failing to obtain proper insurance for Heart Eye Center, pursuant to La. Civ. Code Ann. art. 2315. *Id*. Heart Eye Center is a Louisiana plaintiff for the purpose of diversity jurisdiction. *Id*. Fidelity is a non-Louisiana defendant for the purpose of diversity jurisdiction. *Id*. Louisiana Companies is a Louisiana defendant for the purposes of diversity jurisdiction. *Id*.

This action was originally brought in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana. On November 4, 2010, removal was sought by defendant Fidelity, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(2), Article VII(R) and Article IX, 28

U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1337, 28 U.S.C. §1367 and 28 U.S.C. §1441(C). Doc 1, p. 2.  Specifically, Fidelity alleged federal subject matter jurisdiction as a Write-Your-Own policy issuer-participant in the federal government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA").  Doc. 1, pp. 5-8.  At that time, defendant Louisiana Companies objected to Heart Eye Center's interrogatories, claiming that removal by Fidelity rendered them an improper party to this litigation.  Doc 20, att. 1, p. 1.

On March 17, 2010, Heart Eye Center voluntarily dismissed all claims against Fidelity. Doc. 13; doc. 16.

Currently before the court is a motion to remand [doc. 20] filed by plaintiff pursuant to 28 U.S.C. §§ 1441 and 1367.  In its motion, plaintiff maintains that because the claims against Louisiana Companies are "not based upon any federal statutes," do "not involve any federal question," and no diversity exists between the remaining parties, this court lost jurisdiction when Fidelity was dismissed on March 17, 2010.

For the reasons stated herein, plaintiff's motion to remand [doc. 20] is GRANTED.

### *Law and Analysis*

**I.     Propriety of Removal**

Defendants are free to "remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  District courts have original jurisdiction "over cases 'arising under the Constitution, laws, or treaties of the United States.'"  *Id.* (quoting 28 U.S.C. § 1331). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint

raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The burden of proof for establishing jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "If the right to remove is doubtful, the case should be remanded." *Case v. ANPAC Louisiana Ins. Co.*, 466 F.Supp.2d 781, 784 (E.D. La. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (removal is to be construed narrowly and in favor of remand to state court); *Perkins v. State of Miss.*, 455 F.2d 7 (5th Cir. 1972) (same).

"[T]he jurisdictional facts supporting removal are examined at the time of removal." *Szapary v. Auto Club Family Ins. Co.*, No. 09-6419, 2006 WL 3256514, *1 (E.D. La. Nov. 9, 2006). In other words, "once the district court's jurisdiction is established, subsequent events . . . generally do not divest the court of diversity jurisdiction." *Gebbia v. Walmart Stores, Inc.,* 223 F.3d 880, 883 (5th Cir. 2000); *see also Ford, Bacon & Davis v. Valentine*, 64 F.2d 800, 801 (5th Cir. 1933) ("Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor divest it."); *Royalty Service Corp. v. City of Los Angeles*, 98 F.2d 551, 554 (9th Cir. 1938) ("Jurisdiction of the federal courts depends on the situation as it exists at the time the suit is brought and subsequent events neither confer nor divest it.").

It is undisputed that this court had federal subject matter jurisdiction at the time of removal. Thus, removal was proper at that time pursuant to 28 U.S.C. § 1441.[1] Heart Eye Center, however, subsequently and voluntarily dismissed its federal claims against Fidelity. The

---

1 The statute states, in the relevant part,
> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> . . . .
> Whenever a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

3

federal claims dismissed were the only federal claims pleaded and thus the only claims giving this court subject matter jurisdiction. Nonetheless, because this court *originally* had federal question jurisdiction, it is accepted that this court has discretion to retain supplemental jurisdiction pursuant to the court's reliance on the facts asserted in the removal notice. *See Brown v. Southwestern Bell*, 901 F.2d 1250, 1254-55 (5th Cir. 1990) (holding that whether the court has a basis to remove a case is determined at the time of removal and if that basis is later deleted the court still has the discretion to hear or to remand the remaining claims).

## II.  Supplemental Jurisdiction

That the court has discretion to exercise supplemental jurisdiction, however, does not mean that the court is *compelled* to or *should* retain federal jurisdiction. In fact, the "'general rule'" is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)). When supplemental jurisdiction is discretionary, courts are instructed to "consider the factors set forth in 28 U.S.C. § 1367(c) as well as judicial economy, convenience, fairness, and comity." *Aburto v. Midland Credit Management, Inc.*, No. 08-1473, 2009 WL 4884147, *1 (N.D. Tex. Dec. 16, 2009) (citing *Batiste*, 179 F.3d at 227); *see also Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 572-78 (5th Cir. 2006) (noting that courts must, at minimum, take into account these factors before remand); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201, n.1 (5th Cir. 1991) (directing district courts to "take care to explain their reasons for remanding cases" because "the availability of appellate review turns exclusively on the district court's reason for remand"); *Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 586-90 (5th Cir. 1992) (applying these factors).

      *a.  28 U.S.C. § 1367(c) Factors*

Chapter 28 U.S.C. § 1367(c) provides the following pertinent language:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>     (1) the claim raises a novel or complex issue of State law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

No single § 1367(c) factor is dispositive. *Batiste*, 179 F.3d at 227.

First, the state claim alleged by Heart Eye Center is neither novel nor complex. In fact, the Fifth Circuit courts are quite familiar with state causes of action arising from La. Civ. Code Ann. art. 2315. *See e.g. Thornton v. General Motors Corp.*, 136 F.3d 450 (5th Cir. 1998); *Broussard v. Basaldua*, No. 09-1111, 2010 WL 767173 (W.D. La. Mar. 4, 2010); *National American Ins. Co. v. Melancon*, No. 98-1273, 1999 WL 675421, (E.D. La. Aug. 31, 1999); *In Matter of Torch, Inc.*, Nos. 94-2300, 95-1982, 1996 WL 185765 (E.D. La. Apr. 16, 1996). This weighs in favor of removal.

Second, the state claim obviously predominates this suit, since the state claim is the only action remaining that plaintiffs allege. Of course, as defendants point out, there is always the possibility that "there are still claims arising under or governed by the NFIP that may pertain to Louisiana Companies." Doc 26, p. 6. This possibility, however, does not justify this court's abandoning "the distinction between claims for policy handling, which have traditionally been considered subject to federal jurisdiction, and claims for policy procurement, which have not." *Seruntine v. State Farm Fire & Cas. Co.*, 444 F.Supp.2d 698, 701 (E.D. La. 2006). At this point, since federal claims are not alleged, it cannot be said that the federal issues "substantially predominate." This weighs in favor of remand. *See United Mine Workers v. Gibbs*, 383 U.S.

5

715, 726-27 ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals.").

Third, when Heart Eye Center voluntarily dismissed all claims against Fidelity, they effectively dismissed all of their federal claims giving original jurisdiction as well. In *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, the petitioner likewise "filed a motion to dismiss the only federal claim in the lawsuit . . . ." 129 S.Ct. 1862, 1865 (2009). In response, the district court "declined to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3), . . . then remanded the case to state court . . . ." *Id.* The Supreme Court found that this was proper. *Id.* A similar situation exists here. This weighs heavily in favor of remand.

Finally, Louisiana Companies argue that plaintiffs were blatantly engaging in forum-shopping by dismissing its claims against Fidelity in order to defeat this court's jurisdiction, and that this presents a compelling reason for declining jurisdiction. Indeed, "comity dictates that [district courts] consider . . . forum shopping tactics in determining whether to exercise its discretion to dismiss the supplemental claims." *Molski v. Kahn Winery*, 381 F.Supp.2d 1209, 1212 (C.D. Cal. 2005); *see also Bently v. Tarrant County Water*, 66 F.3d 319, 1995 WL 534726, *2 (5th Cir. Jul. 25, 1995) ("The possibility of forum manipulation should also be considered when making the determination of whether remand is appropriate. An improper attempt at manipulating the forum may justify the denial of a request for remand . . . .") (citations omitted). Defendants, however, present no evidence, other than the fact that the claim against Fidelity was dismissed, to show that plaintiff was engaging in forum shopping. In contrast, it appears that defendants themselves initially sought to keep the suit in state court. *See* doc 20, att. 1, p. 1.

Plaintiffs could have dismissed Fidelity for any number of reasons. It is not the place of this court to assume improper intent, especially when the party seeking removal has the burden of proof. *Willy*, 855 F.2d at 1164. This weighs in favor of remand.

In total, the § 1367(c) factors weigh in favor of remand.

      b. *Judicial Economy, Convenience, Fairness, and Comity*

The court next takes into account "the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States . . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 343 (1988).

First, where little time has been spent on the case, it is appropriate that the case be remanded in consideration of judicial economy. *Bently*, 1995 WL 534726, at *2. Here, the case has not made it past the initial stages of litigation. There has been only one motion filed with this court – this motion to remand. Any discovery completed in this Court will be available to the parties in state court. The court has made no procedural or substantive rulings that the parties would have to relitigate in state court. In *Exxon Corp. v. Presidio Energy, Inc.*, analyzing this aspect of the *Carnegie-Mellon* factors and ruling in favor of remand, the court found that,

> other than the preparation of a twenty (20) page pre-trial order which barely begins to address the issues inherent in deciding the pending state law claims, little has been done in terms of trial preparation. Other than one set of interrogatories previously mentioned herein above, no discovery has been conducted by any party in this case.

No. 92-2231, 1993 WL 329986, * 2 (E.D. La. Aug. 20, 1993). A similar situation exists here. This weighs in favor of remand.

Second, because the damaged property and all of the parties are located in Cameron Parish, where the suit was originally filed, it would be equally convenient to hear the case there. *Bently*, 1995 WL 534726, at *2. This weighs in favor of remand.

Third, Louisiana Companies "is a privately owned Louisiana corporation with no parent

corporations," thus availing itself of Louisiana law. Doc. 12, p. 1. It would accordingly not be unfair to require Louisiana Companies to defend itself in Louisiana courts. This weighs in favor of remand.

Finally, comity also favors remand. Aside from a potential, but unlikely, NIFA claim, state law governs the suit. Hart Eye Center has brought state causes of action – negligence and a breach of fiduciary duties pursuant to La. Civ. Code Ann. art. 2315 – that, in their instant application, relate to the "business of insurance" of Louisiana Companies. This is an area of traditional state regulation. *See FMC Corp. v. Holliday*, 498 U.S. 52, 53 (1990) (noting a "presumption that Congress does not intend to pre-empt areas of traditional state regulation, . . . including regulation of the 'business of insurance'") (citations omitted). In the unlikely case that a NIFA claim is raised, "state courts, being of equal dignity with federal courts, are equally competent" to address that potential claim. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999). Louisiana Companies have offered no other reason why comity might favor retaining federal jurisdiction. *See Parker & Parsley Petroleum*, 972 F.2d at 585 ("Needless decisions of state law should be avoided both as a matter of economy and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Having applied the *Carnegie-Mellon* factors, this court concludes that this matter justifies no departure from the usual rule that dismissal is required. *See Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the [district court has] a powerful reason to choose not to continue to exercise jurisdiction.").

### *Conclusion*

In consideration of the above, this court finds that no circumstances prevent it from

following the general rule that it "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Brothers*, 554 F.3d at 602. Accordingly, plaintiff's motion to remand [doc. 20] is GRANTED.

IT IS ORDERED that this action be REMANDED to the Fourteenth Judicial Court, Parish of Calcasieu, State of Louisiana.

This Order shall be STAYED for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 26, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE